**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ann Leigh,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-01716-PHX-ESW<br><br>**ORDER** |

Pending before the Court is Plaintiff's "Motion to Amend the Opening Brief to Include Argument Based on New and Material Evidence" (Doc. 13). In deciding Plaintiff's application for disability benefits, the Administrative Law Judge ("ALJ") reviewed an opinion from Plaintiff's treating physician, Dr. Molly Finley, concerning Plaintiff's limitations. In her Motion, Plaintiff explains that she has obtained a letter dated September 10, 2019 from Dr. Finley that clarifies the bases of Dr. Finley's opinion.[1] (*Id.* at 1). Plaintiff seeks to amend her Opening Brief to include the additional argument that the Court should remand the matter to the ALJ pursuant to sentence six of 42 U.S.C. § 405(g) to allow the ALJ to consider Dr. Finley's letter. (Doc. 13-1 at 14).

"Once a claimant brings an action under § 405(g), the district court may remand to the Commissioner of Social Security Administration only under sentence four or sentence

---

[1] The letter actually reflects a date of September 10, 2018. (Doc. 13-2 at 1).

six of § 405(g)." *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007) (footnotes omitted). "A remand under sentence four is essentially a determination that the agency erred in some respect in reaching a decision to deny benefits[,] whereas a remand under sentence six can be ordered only in two particular instances: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* (internal quotation marks and citations omitted); *see also Shalala v. Schaefer*, 509 U.S. 292, 310 (1993) ("with a sentence-four remand; a court's order to remand a case pursuant to sentence four of § 405(g) necessarily means that the Secretary has committed legal error").

To succeed on a request for remand pursuant to sentence six of 42 U.S.C. § 405(g), a claimant must show that the additional evidence "is material and that there is good cause for the failure to incorporate such evidence into the record in [the] prior proceeding." 42 U.S.C. § 405(g). To demonstrate good cause, a claimant must show that the evidence was unavailable earlier. *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001); *Key v. Heckler*, 754 F.2d 1542, 1551 (9th Cir. 2001). "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." *Mayes*, 276 F.3d at 463; *see also Morales v. Colvin*, No. CIV.A. 13-229J, 2015 WL 1507844, at *4 (W.D. Pa. Mar. 31, 2015) ("The fact that plaintiff now has new counsel who believes that the additional evidence may support her claim for disability is not grounds for remanding the case under sentence 6."). New evidence is "material" within the meaning of section 405(g) if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome" of the ALJ's determination. *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Secretary*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)).

Here, the Court finds that Plaintiff has not shown good cause for failing to obtain and present Dr. Finley's clarifying letter during the administrative proceedings. Accordingly,

**IT IS ORDERED** denying Plaintiff's "Motion to Amend the Opening Brief to

Include Argument Based on New and Material Evidence" (Doc. 13).

Dated this 2nd day of October, 2019.

_____
Honorable Eileen S. Willett
United States Magistrate Judge