WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ann Leigh, | No. CV-19-1716-PHX-ESW |
| Plaintiff, | |
| v. | **ORDER** |
| Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Ann Leigh's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 10).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 9, 11, 12), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision

is reversed and the case is remanded to the Commissioner of Social Security for further proceedings.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.

> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20

---

[1] *Parra v. Astrue,* 481 F.3d 742, 746 (9th Cir. 2007).

C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and

---

[2]*Parra*, 481 F.3d at 746.

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1955, has experience working as a security consultant and cargo inspector. (A.R. 25, 66). On September 2, 2015, Plaintiff applied for disability insurance benefits. (A.R. 157-64). Plaintiff's application alleged that on August 11, 2015, Plaintiff became unable to work due to cervical misalignment, bone spurs in the lower spine, torn meniscus in the right knee, Achilles tendonitis, and high blood pressure/depression. (A.R. 66). Social Security denied the application. (A.R. 94-97). In February 2016, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 101-04). Plaintiff sought further review by an ALJ, who conducted a hearing on January 9, 2018. (A.R. 31-64).

In a May 8, 2018 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 15-26). On February 20, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On March 13, 2019, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

## B. The ALJ's Application of the Five-Step Disability Analysis

### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 26, 2015, the alleged onset date. (A.R. 17). Neither party disputes this determination.

### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) cervical degenerative disc disease; (ii) cervical spondylosis and stenosis; (iii) hypertension; (iv) lumbar degenerative disc disease; (v) right knee impairment; (vi) history of gastroesophageal reflux disease (GERD); and (vii) right foot impairment. (A.R. 18). This determination is unchallenged.

### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 20). Neither party disputes the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff is able to "frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; frequently balance, stoop, kneel, and crouch; occasionally crawl; frequently overhead reaching; and no exposure to hazards such as moving machinery and unprotected

heights." (A.R. 21). Based on the assessed RFC and testimony of the Vocational Expert ("VE") at the administrative hearing, the ALJ concluded that Plaintiff is unable to perform her past relevant work as a security consultant and cargo inspector. (A.R. 25). Plaintiff argues that the ALJ improperly weighed the evidence in assessing her RFC.

### 5. Step Five: Capacity to Perform Other Work

Given the ALJ's conclusion at Step Four that Plaintiff is not disabled, the ALJ did not address Plaintiff's capacity to perform other work.

### C. Plaintiff's Challenge to the ALJ's RFC Determination

#### 1. Molly Finley, D.O.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (ii) examining physicians, who examine but do not treat the claimant; and (iii) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id*. at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence, such as finding that the physician's opinion is inconsistent with and not supported by the record as a whole. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

In a letter dated June 18, 2015, Plaintiff's primary care provider Molly Finley, D.O. stated that she placed Plaintiff on restrictive work leave effective February 28, 2015 because Plaintiff's physical conditions cause Plaintiff daily pain and interfere with

Plaintiff's activities of daily living. (A.R. 331-32). A July 7, 2015 letter explains that Dr. Finley extended the restricted work leave through August 10, 2015. (A.R. 413). Dr. Finley later extended the restricted work leave indefinitely effective August 1, 2015. (A.R. 297). On May 15, 2016, Dr. Finley completed a Physical Residual Functional Capacity Questionnaire. (A.R. 441-45). Dr. Finley opined that Plaintiff could not walk, sit, or stand for more than thirty minutes at a time without taking a ten to fifteen minute break. (A.R. 443). Dr. Finley also opined that Plaintiff would likely miss more than four days of work each month. (*Id.*). The ALJ gave these opinions little weight. (A.R. 25). Because Dr. Finley's opinions are contradicted by another acceptable medical source,[3] the Court must determine whether the ALJ offered specific and legitimate reasons for discounting the opinions.

In explaining why the ALJ assigned little weight to Dr. Finley's opinions, the ALJ stated that "the course of treatment is inconsistent with a person who has disabling limitations." (A.R. 25). The ALJ noted that "Dr. Finley's records state the claimant failed physical therapy and injections (Exhibit 11F/1); however, the claimant reported 'excellent' sustained relief with epidural steroid injection and physical therapy notes indicated improvement with treatment (Exhibits 4F/16; 13F/3, 9)." (*Id.*). When supported by substantial evidence, an ALJ may properly discount a physician's opinion that is inconsistent with the conservative nature of the claimant's treatment. *See, e.g., Rollins*, 261 F.3d at 856. Here, however, the Court finds that the ALJ failed to adequately explain her conclusion that Plaintiff's course of treatment as prescribed by Dr. Finley is inconsistent with disabling limitations. As Plaintiff correctly states (Doc. 9 at 10), the record cited by the ALJ indicating that Plaintiff had excellent results with epidural steroid injections predates the alleged disability onset date. (A.R. 312).

The ALJ also stated that "Dr. Finley's opinions are not supported by his [sic] own exams noting no abnormal findings (Exhibits 4F/10-11, 17; 5F/2, 4, 8, 11, 14, 9F/1, 3;

---

[3] Dr. Finley's opinions are contradicted by the State agency medical consultants. (A.R. 77-78, 92-93).

11F/1, 6, 10-11)." (A.R. 25). The ALJ further found that Dr. Finley's opinions are not supported by "recent evidence documenting normal range of motion of cervical spine (Exhibit 13F/3, 9)." (*Id.*). An ALJ may reject a medical opinion when it is "unsupported by the record as a whole." *Batson*, 359 F.3d at 1195; *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602–03 (9th Cir. 1999) (a medical opinion's inconsistency with the overall record constitutes a legitimate reason for discounting the opinion). Yet to reject an opinion as inconsistent with the medical record, the "ALJ must do more than offer his conclusions." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ does not sufficiently explain the reasons for concluding that Dr. Finley's examination notes do not support the limitations that Dr. Finley assessed. The Ninth Circuit has instructed that a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown–Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal quotations marks and citation omitted); *see also Embrey*, 849 F.2d at 421-22 (explaining that an ALJ must set forth his or her "own interpretations and explain why they, rather than the doctors', are correct"). The ALJ did not connect the record evidence that she cited to support her rejection of the limitations assessed by Dr. Finley. Further, the ALJ failed to acknowledge that Dr. Finley's treatment notes indicate that Plaintiff had joint swelling and joint pain. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (stating that the ALJ must avoid "cherry-picking" from an evidentiary record).

The Court concludes that the ALJ failed to provide specific and legitimate reasons supported by evidence in the record for discounting Dr. Finley's opinions.

## 2. Physician's Assistant James C. Bigham

A source that is not an acceptable medical source is considered to be an "other source." 20 C.F.R. 404.1513(d). "Other sources" include physician assistants, nurse practitioners, and lay witnesses. 20 C.F.R. § 404.1513. Information from these "other

sources" must still be considered even though the information cannot establish the existence of a medically determinable impairment. *Id.* An other source's opinion can be rejected as long as the ALJ provides "germane" reasons, such as finding that the opinion is inconsistent with medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

In a letter dated May 21, 2015, James C. Bigham, a physician's assistant, indicated that Plaintiff had pain and physical limitations that would cause difficulty in performing her work duties. (A.R. 302-03). The ALJ gave "minimal weight" to Mr. Bigham's opinions. (A.R. 25). The ALJ stated that

> Because a physician assistant is not an acceptable medical source who can provide medical opinions as defined by our Regulations, the undersigned has considered the opinion evidence of Mr. Bigham as that of an "other source" (20 CFR 404.1527 and 416.927). Therefore, the undersigned assigns minimal weight to this opinion because he is not an acceptable medical source and the opinion was provided prior to the period at issue.

(*Id.*). The ALJ erred by discounting Mr. Bigham's opinions on the basis that he is not an acceptable medical source. *See* SSR 06–3P, 2006 WL 2329939, at *3 (Aug. 9, 2006) (stating that opinions from other sources "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file"). However, the ALJ validly discounted Mr. Bigham's opinions on the basis that they predated the alleged disability date. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). The Court does not find that the ALJ committed harmful error in assigning minimal weight to Mr. Bigham's opinions.

### 3. Plaintiff's Symptom Testimony

When evaluating the credibility of a plaintiff's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could

reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The plaintiff does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a plaintiff must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a plaintiff meets the first step, and there is no affirmative evidence of malingering, the ALJ can only reject a plaintiff's testimony about the severity of his or her symptoms by offering specific, clear, and convincing reasons. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a plaintiff's credibility, the ALJ can consider many factors including: a plaintiff's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the plaintiff's daily activities. *Smolen*, 80 F.3d at 1284; see also 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence). In addition, although the lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his or her credibility analysis. See 20 C.F.R. § 404.1529(c)(2); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (A.R. 22). In explaining why she discounted Plaintiff's symptom testimony, the ALJ first stated that Plaintiff's assertion at the hearing that epidural steroid injections were ineffective conflicted with a treatment record indicating that Plaintiff had "excellent" sustained relief with epidural steroid injections. (A.R. 24) (citing Exhibit 4F/16, A.R. 312). Plaintiff

correctly notes that a more recent record indicates that epidural steroid injections were ineffective in reducing her pain. (Doc. 12 at 7) (citing A.R. 305). The Court does not find that the ALJ's first reason for discounting Plaintiff's symptom testimony is clear, convincing, and supported by substantial evidence in the record.

The ALJ also found that "the record shows adequate activities of daily living such as taking her dogs for short walks every day, washing dishes, doing laundry, preparing meals, pulling weeds outside, and doing 'general clean up' (Exhibit 8F/2, 4, Hearing Testimony)." (A.R. 24). However, as the Ninth Circuit has cautioned, "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (explaining that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping [and] driving a car, . . . does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The clear and convincing standard is the most demanding required in Social Security cases. *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "Sheer disbelief" of the severity of a claimant's symptoms "is no substitute for substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony regarding her impairments.

## D. Remand for Further Proceedings is Appropriate

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) (citations and internal quotation marks omitted). A district court may remand directly for an award of benefits only when: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ failed to provide legally sufficient reasons for rejecting evidence; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison,* 759 F.3d at 1020. Even if these requirements are met, the court retains "flexibility" to remand "on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Dominguez,* 808 F.3d at 407-08.

It is appropriate to remand this matter to the Commissioner for further proceedings as the record creates a serious doubt as to whether Plaintiff suffers from impairments that would preclude her from working. For instance, as the ALJ noted in her decision, the record indicates that Plaintiff "may be underreporting her work as the record shows she was unable to wear her boot for the last five days 'due to conflicts with work' (Exhibit 14F/1)." (A.R. 24).[4] In addition, there is evidence in the record indicating that at approximately the same time as Plaintiff allegedly became disabled, Plaintiff became her husband's primary caregiver following his "major back surgery." (A.R. 423). This evidence casts doubt on whether Plaintiff's reasons for leaving employment were due to a disability and whether Plaintiff's limitations are as restrictive as alleged. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (a Plaintiff's reason for leaving

---

[4] The ALJ made this statement in conjunction with explaining her reasons for not finding Plaintiff's symptom testimony credible. The Court does not find that the record on its own constitutes a sufficient sole clear and convincing reason for discounting Plaintiff's testimony.

employment is a valid consideration in weighing credibility); *Page v. Colvin*, 620 F. App'x 605, 605 (9th Cir. 2015) (an ALJ may discredit a claimant's testimony by citing a claimant's nondisability reasons for leaving employment immediately preceding the alleged onset date of disability).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding for further administrative proceedings. The ALJ shall issue a new decision that is consistent with the applicable law as set forth in this Order. The ALJ, however, is not precluded from reopening the hearing to receive additional evidence if deemed appropriate. The Clerk of Court shall enter judgment accordingly.

Dated this 12th day of December, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge